**In re BOOKS et al.**

**BRODERICK, Superintendent of Banks, v. LAMONT et al.**

No. 472.

Circuit Court of Appeals, Second Circuit.

July 9, 1934.

John J. Bennett, Jr., Atty. Gen. (Henry Epstein, Robert P. Beyer, and Charles A. Schneider, Assts. Atty. Gen., of counsel), for appellant.

Martin M. Goldman, of New York City (Harry Malter, of New York City, of counsel), for appellees.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court denying a motion to vacate a subpœna duces tecum issued out of the District Court, directing the appellant, the superintendent of banks of the state of New York, to produce before a referee in bankruptcy "certain write-ups and records on examinations of loans of the Orange County Trust Company" to the bankrupts. The purpose of the subpœna was to compel the superintendent of banks to produce a report made to him by his examiner or special representative after examination of the records of the Orange County Trust Company. The trustees in bankruptcy believed that in this way they could get information of the date when the bank received from the bankrupts a certain contract affecting their real estate; the validity of the bank's claims might depend upon this date. It did not appear that the trustees meant to offer in evidence the examiner's report; its presence might be wished only to refresh the recollection of the bank examiner when called before the referee. Section 41 of the Banking Law (Consol. Laws, c. 2) of the state of New York provides that the reports of examiners and special agents of the superintendent shall not be made public unless in his judgment justice or the public advantage will be served by their publication. Believing that this statute protected him from a subpœna to compel him to fetch the record before the referee, the superintendent moved to vacate the subpœna. He appealed from the order denying this motion without obtaining preliminary leave from this court. The merits of the controversy we cannot consider. The subpœna was issued in the bankruptcy proceedings; the order denying the motion to vacate it was likewise in those proceedings. No appeal can be taken without leave of this court obtained under section 24b of the Bankruptcy Act (11 USCA § 47(b). As none was asked and as the time has now expired in which it could be granted, the appeal must be dismissed. While we have been unable to find any decision upon the point, upon principle there appears to be no doubt. Whether in any case we should review such an order before some effort was made to enforce it we need not say.

Appeal dismissed.